IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-23323-HUCK/BECERRA

**CAROLYN MARTIN and TROY GOINGS,**
**on behalf of themselves and others similarly situated,**
   Plaintiffs,

v.

**HCA-IT&S FIELD OPERATIONS, INC.,**
   Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE

Plaintiffs, Carolyn Martin, Troy Goings, Gregory Fulton and Kimberly Hendrick ("Plaintiffs"), and Defendant, HCA-IT&S Field Operations Inc. ("Defendant"), by and through their respective undersigned counsel hereby file this Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice, and state the following in support thereof:

1. Plaintiffs filed suit against Defendant for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., by allegedly failing to pay them overtime wages by misclassifying them as exempt employees. Defendant denies all liability and maintains that Plaintiffs were properly paid for all hours worked and, therefore, are not entitled to receive any additional compensation.

2. Plaintiffs claimed to be owed overtime wages plus an equal amount in liquidated damages as follows:

  Carolyn Martin- alleged between 2,120 and 4,240 hours of overtime equating to $33,517.80 to $67,035.60

<u>Gregory Fulton</u>- alleged that he is owed 1190 hours of overtime in the amount of $16,728.96

<u>Troy Goings</u>- alleged 1093.5 hours of overtime equating to $23,204.12

<u>Kimberly Hendrick</u>- alleged 243 hours of overtime in the amount of $4,156.79

3. Given the uncertainty regarding the exemption argument, the experience of counsel involved, as well as the extraordinary cost of litigation in comparison to the relatively modest amounts Plaintiffs claims they are owed, Defendant agreed to pay Plaintiffs the amount of $62,000 to settle the claims of the Plaintiffs.

4. As set forth in detail below, the Parties have also reached an agreement with regards to the amount of reasonable attorney's fees and costs due to Plaintiffs.

5. A copy of the Settlement Agreement is attached as Exhibit "A".

## **MEMORANDUM OF LAW AS TO RESOLUTION OF FLSA CLAIMS**

**I.   Legal Standard**

In the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle claims against an employer if the parties present the district court a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Foods Stores v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

**II.   Analysis**

The instant case plainly involves a situation in which the Court should allow Plaintiffs to settle and release their claims against Defendant. The proposed settlement arises out of an adversarial context. All Parties have been represented by experienced labor counsel throughout this litigation. The Parties' agreement to resolve this matter is not the result of any fraud or

collusion by, between or among any of the Parties or counsel for the Parties. The Parties' respective attorneys have zealously represented their clients' interests since the commencement of this litigation. Plaintiffs have agreed to the settlement amounts and believe this to be a fair and reasonable resolution of their claims.

All Parties agree that the settlement terms they have reached in this action represent a fair and equitable resolution of their claims. The terms of the Settlement Agreement are contingent upon approval by the Court. Consequently, the parties respectfully request this Court approve the proposed settlement as memorialized in the attached Settlement Agreement.

## MEMORANDUM OF LAW AS TO FEES AND COSTS

**A. Fairness Determination Standard**

As stated by Magistrate Judge Becerra in *Mejia v. Commercial Drivers License School, Inc.*:

> In making a fairness determination, courts consider the following factors: (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of a plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Canela v. United Dental Specialist, PLLC*, No. 17-CV-21498, 2017 WL 7794326, at *1 (S.D. Fla. June 30, 2017) (citing *Mason v. Wyndham Vacation Ownership, Inc.*, 6:10-CV-1805, 2012 WL 570060, at *1 (M.D. Fla. Feb. 17, 2012), *report and recommendation adopted*, 6:10-CV-1805, 2012 WL 570037 (M.D. Fla. Feb. 22, 2012)).

2021 WL 1893065 *3 (SD Fla. 2021).

**B.  The Parties Negotiated the Fees and Costs Separately and Six Weeks *after* reaching an Agreement as to Plaintiffs' Claims.**

This Court should approve the Parties' FLSA Settlement because the Parties agreed upon Plaintiff's attorneys' fees separately and without regard to the amount paid to the Plaintiff under the Parties' settlement agreement. Indeed, at the Parties' settlement conference, the Parties agreed

3

to table the fee and cost issue. Due to significant discussion and compromise, the Parties agreed to the fees and costs on October 25, 2023.

As the Court explained in *Bonetti v. Embarq Management Co.*, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel" unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009).

Here, the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The agreed upon amount of attorneys' fees and costs to Plaintiff's counsel is for their representation of Plaintiff through the conclusion of the settlement, which was considered and negotiated separately from and without regard to the amount paid to Plaintiffs to settle the FLSA claim. Plaintiffs submits that their recovery was not adversely affected by the amount to be paid to their attorney. The settlement is reasonable, and therefore, the Parties respectfully request that this Court approve Plaintiff's attorneys' fees without separate consideration regarding the reasonableness of the fee to be paid to Plaintiff's attorney. *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). However, should this Court follow the lodestar approach,[1] the Parties respectfully request that this Court find that the fees agreed upon in this case are fair and reasonable.

**C. <u>Analysis of Fees and Cost Sought as a Compromise.</u>**

---

[1] It is well settled that the calculation of reasonable attorneys' fees is achieved by determining the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Hensley v. Eckhart*, 461 U.S. 424, 433-34 (1983).

The fees and costs are attached as Exhibits "C" and "D" and can be provided to the Court in native format if the Court so desires.

Plaintiffs retained Cadogan Law to represent them in this matter. Plaintiffs' lead counsel is Gina Cadogan, Esq., who has been a member of the Florida Bar since September 22, 1999, and Kimberly A. Gilmour, Esq., who has been a member of the Florida Bar since 1985. Both attorneys have extensive experience litigating employment related matters and he regularly litigates FLSA matters in state and federal court. Plaintiffs attach Ms. Cadogan's Fee Affidavit as Exhibit "E."

Throughout the Action, HCA-ITS hotly and vigorously contested the exempt status of PSS and CPSS employees. Written discovery, wherein over 1,000 pages of documents were produced. The following depositions were taken:

1. Carolyn Martin, named Plaintiff
2. Troy Goings, named Plaintiff
3. Gregory Fulton, opt-in Plaintiff,
4. Ramona Coleman, former opt-in Plaintiff
5. Kimberly Hendrick, former opt-in Plaintiff
6. Kevin McDonald, HCA IT&S Chief Information Officer of South Atlantic Division
7. Shahzad Fakhar, VP of HCA IT&S overseeing the Chief Information Officers
8. Sheree McFarland, HCA IT&S Chief Information Officer of Northeast Florida Division
9. Fariba Borijan, HCA IT&S Chief Information Officer of Southeast Florida Division
10. Gina Ragans, HCA IT&S Chief Information Officer of West Florida Division
11. Deposition of Robert Granda, HCA IT&S employee
12. Deposition of Flor Garcia, HCA IT&S employee

Both parties filed Motions for Summary Judgment timely on September 12, 2023. [DES 58 & 60]  On that same date, Mediation took place on that same date and the parties resolved the issue of overtime compensation for Martin, Goings, Fulton and Hendrick.

Plaintiffs provided a recent Report from Magistrate Judge Bruce E. Reinhart entered on June 12, 2023, and for which Judge Rosenberg approved and entered, after conducting a hearing on the fees and costs incurred on a case, whereby the Court awarded Ms. Cadogan the hourly rate of $475, for the case which involved standard and non-complex issues. *Salazar v. Get Liquid Funding LLC*, SD Fla. Case No. 9:23-cv-80409 at DE 31.  Further, while in the Middle District, in *Rivera v. Stepps Towing Services, Inc.,* where the parties settled a standard FLSA case where no claims of exemption or misclassification were made—unlike the instant case—the court awarded $400/hour for an attorney admitted in 2005 (6 years less than the undersigned) though it found between $400 to $450 per hour reasonable in the Middle District's Orlando Division.  2023 WL 4551304 *3 (MD Fla. June 28, 2023).  In *Rivera*, the court also consulted the Florida Bar, *Results of the Economics & Law Office Management Survey* (Oct. 2022), https://www-media.floridabar.org/uploads/2022/11/2022-Florida-Bar-Economics-and-Law-Office-Mgmt-Survey-Report-Final.pdf (response to question 4D), which demonstrates that the average median rate for attorneys in this Division (Southeast Florida, Broward County) is $400/hour.

Thus, in light of the following and the extensive labor and employment law experience of both Gina Cadogan and Kimberly A. Gilmour, Plaintiffs believe that the hourly rate of $450 is reasonable and the compromise rate of $415 is even more so.  The fees at the compromise rate are more delineated in Exhibit "B" but are summarized as:

**Attorneys' Fees  at the compromise rate of $415/hour:**

| All Users | Hours | Totals |
|---|---|---|
| Gina M. Cadogan, Esq. | 169.9 | $70,508.50 |

| | | |
|---|---|---|
| Kimberly Gilmour, Esq. | 1.3 | $585.00 |
| Tyler E. Joseph | 24.1 | $3,133.00 |
| **Total** | **195.3** | **$74,226.50** |

The costs are detailed in Exhibit "C" are:

**Costs:**

| | |
|---|---|
| $55.00 | Service of Summons, Complaint and Civil Cover Sheet |
| $50.00 | Remote Online Notarization |
| $763.05 | Martin and Fulton depos |
| $10,000.00 | Certification service |
| $1,412.35 | Deposition Transcript of Carolyn Martin |
| $335.00 | Court reporter attendance at deposition of Kevin McDonald |
| $275.00 | Court reporter attendance at deposition of Shahzad Fakhar |
| $275.00 | Court reporter attendance at deposition of Sheree McFarland |
| $25.00 | Remote Online Notarization of Court's Interrogatories to Fulton |
| $486.80 | Deposition of Fariba Borijan and Rough Transcript |
| $503.75 | Deposition Transcript of Shahzad Fakhar |
| $569.60 | Deposition of Robert Granda and Gina Ragans and Rough Transcript |
| $456.80 | Deposition of Flor Garcia and Rough Transcript |

The total for fees and costs in the compromise amount of $77,500 represents a significant downward departure from the fees and costs actually incurred in this case. Accordingly, the Parties respectfully submit that the amount separately negotiated for Plaintiffs' attorneys' fees and costs is fair and reasonable and should be approved.

## **CONCLUSION**

For the reasons set forth above, this Court should approve the Parties' FLSA Settlement as the terms of the terms of the settlement are fair, reasonable and adequate. All the factors to be considered by the Court in deciding whether to approve the settlement weigh in favor of finding that the Parties FLSA Settlement is fair and reasonable. Similarly, this Court should grant the Parties' Joint Motion and approve the Parties' FLSA Settlement because the amount for Plaintiffs'

attorneys' fees in this case was negotiated separately and without regard to the amount to be paid to Plaintiffs, and the settlement is fair and reasonable.

WHEREFORE, the Parties respectfully request this Court enter an Order: (1) granting their Joint Motion for Approval of the FLSA Settlement (2) approving the Parties Settlement Agreement; and (iii) dismissing this case with prejudice, without taxing for attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this __th day of October, 2023.

| By: /s/ Gina Cadogan | By: /s/ Luis Santos |
|---|---|
| Gina Marie Cadogan<br>Fla Bar No: 177350<br>Cadogan Law<br>300 S. Pine Island Road, Suite 107<br>Plantation, FL 33324<br>Telephone: 954.606.5891<br>Facsimile: 877.464.7316<br>gina@cadoganlaw.com<br>kathy@cadoganlaw.com<br>tyler@cadoganlaw.com<br>***Attorneys for Plaintiffs*** | Luis Santos<br>Florida Bar No. 84647<br>lsantos@fordharrison.com<br>**FORDHARRISON LLP**<br>401 E. Jackson Street, Suite 2500<br>Tampa, FL 33602<br>Tel: 813-261-7800<br>Fax: 813-261-7899<br><br>Shannon L. Kelly Florida Bar No. 31093<br>skelly@fordharrison.com<br>300 S. Orange Avenue, Suite 1300<br>Orlando, Florida 32801<br>Tel: 407-418-23053<br>Fax: 407-418-2327<br><br>Mark Fereg<br>Florida Bar No. 1008822<br>mfereg@fordharrison.com<br>1450 Centrepark Blvd., Suite 325<br>West Palm Beach, Florida 33401<br>Tel: 561-345-7500<br>Fax: 561-345-7501<br>***Attorneys for Defendant*** |